IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE D. LA BLANCHE III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1540 |
| | § | |
| PRAIRIE VIEW A&M UNIVERSITY, | § | |
| GEORGE WRIGHT, MARY LEE | § | |
| HODGE, ROD MIRELES, | § | |
| and EQUILLA JACKSON, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending are Defendant Prairie View A&M University's Motion to Dismiss (Document No. 8) and Plaintiff George D. La Blanche III's Emergency Request of Court to Adjudicate Emergency Injunction (Document No. 4). After carefully considering the motion, response, and the applicable law, the Court concludes that the Motion to Dismiss should be granted.

I. Background

*Pro se* Plaintiff George D. La Blanche III ("Plaintiff") filed suit against Prairie View A&M University ("PVAMU"),[1] seeking "mandamus injunctive relief" to compel PVAMU to cancel the balance

---

[1] Plaintiff has since withdrawn his claims against the individual defendants. *See* Document Nos. 14; 15.

on two federal student loans, pursuant to federal regulations which allow a debtor employed as a teacher in one of a number of specified areas to obtain up to full cancellation of these loans. *See* Document Nos. 1, 4, 8 at 1-2.  The loans were obtained by Plaintiff while attending PVAMU in 1986-87, and were accelerated for non-payment in 2000.  *See* Document No. 8 at 1.  In 2006, Plaintiff requested that PVAMU cancel the balance on these loans, which request PVAMU denied.  Id. at 2.  After filing this suit, Plaintiff personally delivered a copy of a summons and relevant documents to the office of PVAMU President George Wright.  *See* Document Nos. 3; 8 at 10.  PVAMU seeks dismissal, *inter alia*, on the basis of (1) defects in the service of process; and (2) sovereign immunity.

## II.  Standard of Review

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."  Sys. Signs Supplies v. United States Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).  "A district court . . . has broad discretion to dismiss an action for ineffective service of process . . . ."  Kreimerman v. Casa Veerkamp S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994).  The rules governing service of process exist both to ensure that a defendant receives

fair notice of the suit, *see* Libertad v. Welch, 53 F.3d 428, 440 (1st Cir. 1995), and to establish personal jurisdiction over the defendant, *see* Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991).  A plaintiff's *pro se* status does not excuse his non-compliance with these rules.  *See* Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988)(citing Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).

### III.  Discussion

PVAMU moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and (b)(5), on the grounds that Plaintiff's personal delivery of the summons violated Rule 4(c)(2), which requires service to be effected by a non-party.  *See* FED. R. CIV. P. 4(c)(2)("Service may be effected *by any person who is not a party and who is at least 18 years of age*.") (emphasis added).  It is undisputed that Plaintiff's personal execution of service of process violates this provision. Contrary to Plaintiff's contentions, the fact that PVAMU has actual notice of the suit does not excuse Plaintiff's failure to comply with the rules governing service.  *See* Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir. 1988) ("The defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements.").  Plaintiff has neither argued nor demonstrated good cause for his non-compliance. Additionally, Plaintiff had notice of the defect at least since the

filing of PVAMU's motion, and has not attempted to obtain lawful service. Under these circumstances, the Court concludes that the claims against PVAMU must be dismissed without prejudice. *See, e.g.*, Wallace v. St. Charles Parish Sch. Bd., No. Civ. A. 04-1376, 2005 WL 1155770, at *1-2 (E.D. La. May 5, 2005); Henderson v. Dallas Police Dep't, No. Civ. A. 3:99-CV-1769-P, 2000 WL 707509, at *1 n.1 (N.D. Tex. May 30, 2000)(dismissing for non-compliance with 4(c)(2)).[2]

---

[2] Even if Plaintiff were to have lawfully served PVAMU, PVAMU correctly points out that its sovereign immunity provides an independent basis for dismissal of the case. By seeking enforcement of rights arising out of his loan agreement with PVAMU, Plaintiff essentially states a claim for breach of contract. *See* Document Nos. 1, 8 at 8. "Under Texas law, the State of Texas and its governmental units are immune from suit for breach of contract claims absent express legislative consent." *See* McWhinney v. Prairie View A&M Univ., Civ. A. No. H-05-3927, 2006 WL 2253456, at *3 (S.D. Tex. Aug. 7, 2006) (citing Tooke v. City of Mexia, 197 S.W.3d 325, 332 (Tex. 2006)); Gen. Servs. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001). The burden of showing consent to suit rests with the plaintiff. *See* Tex. Natural Res. Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). Consent may be established "by referencing a legislative statute or a resolution granting express legislative permission." *See* Gen. Servs. Comm'n, 39 S.W.3d at 594. Absent such consent, a federal court has no subject matter jurisdiction over the suit. *See* Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). Plaintiff neither alleges nor demonstrates consent by the legislature. Accordingly, if PVAMU were properly served with summons and a copy of the Complaint, it would still be entitled to dismissal of the case for lack of subject matter jurisdiction.

4

IV. <u>Order</u>

It is therefore ORDERED that

Defendant Prairie View A&M University's Motion to Dismiss (Document No. 8) is GRANTED pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), and this matter is DISMISSED without prejudice.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 4th day of December, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE